# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

ANOU LO,

     **Petitioner,**

  -v-           **Case No. 04-C-0133**

JEFFREY ENDICOTT, Warden,
Red Granite Correctional Institution,

     **Respondent.**

## DECISION AND ORDER

On February 5, 2004, the petitioner, Anou Lo, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After initially reviewing the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court ordered Jeffrey Endicott to file an answer to Lo's petition. In response, Endicott filed a motion to dismiss the petition as untimely, and a motion to stay the Court's order to answer pending the resolution of the motion to dismiss. The Court granted Endicott's motion to stay because it was unopposed.[1]

In support of his motion to dismiss, Endicott argues that Lo's habeas petition was untimely filed pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA establishes a one-year statute of limitations for filing habeas

---

[1] Typically, a motion to dismiss is not an appropriate pleading in response to a petition for a writ of habeas corpus. *See Chavez v. Morgan*, 932 F. Supp. 1152, 1152-53 (E.D. Wis. 1996); *see also* Rule 5(b) of the Rules Governing Section 2254 Cases ("The answer must . . . state whether any claim in the petition is barred by . . . a statute of limitations."). However, because Endicott's motion to stay was unopposed, the Court decided in these circumstances to allow him to file a motion to dismiss in lieu of an answer.

corpus petitions. 28 U.S.C. § 2244(d)(1). The one year statute of limitations generally runs from the date of the final judgment on direct review or "the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Lo's judgment of conviction in Wisconsin became final on November 19, 1998.[2] Lo filed his habeas petition on February 5, 2004, over five years after his judgment of conviction became final. Thus, it appears that his petition is untimely filed.

Lo argues, though, that a subsequent Wisconsin Supreme Court decision triggered a new one-year statute of limitations under 28 U.S.C. § 2244(d)(1)(D). Section 2244(d)(1)(D) allows the statute of limitations to run from "the date on which the factual predicate of the claim . . . could have been discovered through the exercise of due diligence." Lo claims that the Wisconsin's Supreme Court decision in *State v. Head*, 255 Wis.2d 194 (2002) is that "factual predicate" which triggered a new one-year statute of limitations. In *Head*, the Wisconsin Supreme Court clarified the elements of the offense for which Lo was convicted.[3]

---

[2] On November 19, 1998, the 90-day period for filing a petition for certiorari to the United States Supreme Court from the Wisconsin Supreme Court's denial of Lo's petition for review expired. *See Anderson v. Litscher*, 281 F.3d 672, 674-75 (7th Cir. 2002) (holding that for purposes of § 2244(d)(1)(A), the one-year limitations period does not begin to run until the United States Supreme Court has denied review or the time for seeking review from the United States Supreme Court has expired.)

[3] Lo was convicted of first degree intentional homicide on January 12, 1996. During trial, Lo admitted that he shot another person, but claimed that he did so in self-defense. At the time of his conviction, the law of Wisconsin allowed the state to defeat the defense of "imperfect self-defense" by only proving that any belief on the part of the defendant that he needed to defend himself was unreasonable. At Lo's trial, the Wisconsin circuit court instructed the jury according to this understanding of Wisconsin law.

However, subsequently, the Wisconsin Supreme Court rejected that understanding of Wisconsin law. The court in *Head* concluded that, in order to meet its burden of proof on a charge of first degree intentional homicide, the state must prove, not only that the defendant's beliefs were objectively unreasonable, but also that the defendant did not actually believe his actions were necessary for self-defense. *Head*, 648 N.W.2d at 433-37.

2

Lo's argument is not persuasive. The Wisconsin Supreme Court's decision in *Head* is not a "factual predicate" as understood in § 2244(d)(1)(D), but rather is a clarification of state law. *See Shannon v. Newland*, 410 F.3d 1083, 1088 (9th Cir. 2005). If a state court clarifies or changes state law in a case in which the federal habeas petitioner was not a party, and that subsequent legal determination is deemed a "factual predicate," then "factual" would be meaningless. *Id.* The Wisconsin Supreme Court made a legal determination in *Head*, not a factual determination, and thus, a new one-year statute of limitations was not triggered pursuant to § 2244(d)(1)(D).[4]

Because Lo filed his federal habeas petition over one year after his judgment became final, the Court must deny his petition for a writ of habeas corpus as untimely filed.

---

Lo argued before the Wisconsin Supreme Court that *Head* should be retroactively applied to his conviction. The Supreme Court rejected Lo's argument, held that *Head* is not retroactively applicable, and affirmed Lo's conviction. *See State v. Lo*, 264 Wis.2d 1 (2003).

[4] The Court recognizes that a state court decision can, in some circumstances, qualify as a "factual predicate." For instance, the Supreme Court recently held, in *Johnson v. United States*, 125 S.Ct. 1571 (2005), that a state court order vacating a petitioner's state court conviction was a "fact" for purposes of triggering a new statute of limitations. *Id.* at 1577.

In *Johnson*, the previous state court convictions were used to enhance the petitioner's federal sentence, and as such, the subsequent, state-court vacatur of those convictions removed the basis of the petitioner's enhanced federal sentence. Here, though, unlike the state-court's vacatur in *Johnson*, the Wisconsin Supreme Court's decision in *Head* was not directly related to Lo's case and had no direct effect on Lo's legal status. *See Shannon*, 410 F.3d at 1089. The court's decision in *Head* is not a fact in Lo's litigation history, but rather establishes an abstract proposition of law that arguably could be helpful to Lo's claim. As such, the Supreme Court's holding in *Johnson* is inapposite, as its circumstances are distinguishable from those here.

3

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**

Lo's Petition for a Writ of Habeas Corpus (Docket #1) is **DENIED.**

Endicott's Motion to Dismiss (Docket # 11) is **GRANTED.**

Dated at Milwaukee, Wisconsin, this 6th day of October, 2005.

**SO ORDERED,**

s/ Rudolph T. Randa
**HON. RUDOLPH T. RANDA**
Chief Judge