# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ANOU LO,

                Petitioner,

                Case No. 04-C-133

    -vs-

JEFFREY ENDICOTT, Warden,
Redgranite Correctional Institution,

                Respondent.

## DECISION AND ORDER

On February 5, 2004, the petitioner Anou Lo ("Lo") filed a habeas corpus petition pursuant to 28 U.S.C. § 2254. After initially reviewing the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court ordered the respondent Jeffrey Endicott ("Endicott") to file an answer. Instead, Endicott filed a motion to dismiss the petition as untimely and a motion to stay the Court's order to answer pending the resolution of the motion to dismiss. The Court granted Endicott's motion to stay. On October 6, 2005, the Court granted Endicott's motion to dismiss. Subsequently, Lo filed a timely motion for reconsideration pursuant to Rule 59(e) and 60(b) of the Federal Rules of Civil Procedure, which is now before the Court. For the reasons that follow, Lo's motion is denied.

## BACKGROUND

In its October 6, 2005 Order, the Court found that Lo's petition exceeded the one-year statute of limitations for filing habeas corpus petitions established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") under 28 U.S.C. § 2244(d)(1). The one-year statue of limitations generally runs from the date the judgment becomes final. 28 U.S.C. § 2244(d)(1)(A). Lo concedes that his judgment of conviction became final on November 19, 1998, and that his habeas petition would have been due one year later by November 19, 1999. (Lo's Pet. 8.); *see Anderson v. Litscher*, 281 F.3d 672, 674 (7th Cir. 2002) (for purpose of § 2241(d)(1), the one-year limitations period does not begin until the Supreme Court has denied review or the time seeking Supreme Court review has expired). Thus, Lo's petition was deemed untimely, because his petition was filed over four years after the general statue of limitations had expired.

To evade the limitations period, Lo argued that a Wisconsin Supreme Court case, *State v. Head*, 648 N.W.2d 413 (Wis. 2002), was a "factual predicate" that would trigger a new one-year statute of limitation under 28 U.S.C. § 2244(d)(1)(D). This Court relied on an analogous Ninth Circuit case, *Shannon v. Newland*, 410 F.3d 1083 (9th Cir. 2005), and held that *Head* was not a factual predicate. The Court reasoned: "[t]he Wisconsin Supreme Court made a legal determination in *Head*, not a factual determination, and thus, a new one-year statue of limitations was not triggered pursuant to § 2244(d)(1)(D)." (Ct. Order 3.)(footnote omitted).

## ANALYSIS

Rule 60(b) allows the Court to relieve a party from an order to dismiss because of mistake, newly discovered evidence, fraud, the judgment being void, the judgment being no longer equitable, or any other reason justifying relief. The Court has broad discretionary power to decide if a motion for reconsideration should be granted. *Wojton v. Marks*, 344 F.2d 222, 225 (7th Cir. 1965).

**I.      The Court's rationale was not contrary to controlling precedent.**

Lo implies that the Court's reliance on *Shannon* was mistaken, and that *Shannon* along with the Court's prior Order are contrary to the controlling precedent of *Johnson v. United States*, 544 U.S. 295 (2005). In *Johnson*, the state court vacatur of one of the petitioner's prior convictions removed the basis for the federal penalty enhancer that the petitioner received. *Johnson*, 544 U.S. at 302-03. The vacatur changed the petitioner's legal status. *Id.* The Supreme Court reasoned that a prior conviction is a "fact" because a prior conviction is "subject to proof or disproof like any other factual issue." *Id.* at 307; *see Apprendi v. New Jersey*, 530 U.S. 466, 490. By contrast, the Wisconsin Supreme Court decision in *Head* had no direct effect on Lo's legal status, because *Head* only clarified Wisconsin's understanding of the defense of "imperfect self-defense." *Head*, 648 N.W.2d at 433-37. The clarification of Wisconsin law in *Head* is not a "fact" in Lo's litigation history. Therefore, the present case is distinguishable from *Johnson*.

Lo's circumstances are analogous to the petitioner's circumstances in *Shannon*, which is a well-reasoned application of the principle set forth in *Johnson*. In *Shannon*, the petitioner relied on *People v. Laske*, 999 P.2d 666 (Cal. 2000), which clarified California law in a way that was arguably relevant to the petitioner's habeas claim. *Shannon*, 410 F.3d at 1086.

The Ninth Circuit rejected the petitioner's argument that *Laske* created a "factual predicate" that would toll AEDPA's one-year limitations period. *Id.* at 1089. Lo relies on *Head*, but as noted above, *Head* is a clarification of state law and not a "factual predicate" under 28 U.S.C. §2244(d)(1)(D). The legal proposition set forth in *Head* is not a factual element to be proved or disproved at Lo's sentencing. *See Shannon*, 410 F.3d at 1088. A "state-court decision establishing an abstract proposition of law arguably helpful to the petitioner's claim does not constitute the factual predicate for that claim." *Id.* at 1089 (quotations omitted). The Court's reliance on *Shannon* is not misplaced.

## II.   Lo is not entitled to equitable relief.

The Supreme Court has never directly addressed whether equitable tolling is applicable to AEDPA's statute of limitations. *Pace v. DiGeglielmo*, 544 U.S. 408, 418 n.8 (2005). Assuming equitable tolling is applicable, a petitioner must establish both (1) that he has been diligently pursuing his rights; and (2) that he was estopped from successfully pursuing those rights by some "extraordinary circumstance." *Id*. at 418. Generally, such "extraordinary circumstances" involve wrongful conduct against the petitioner.[1]   Equitable tolling is rarely applied. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).

Lo has not alleged that any court, attorney, or other party have caused delay by any willful or wrongful conduct. Lo alleges that he was prevented from pursuing his rights because the basis for his petition, the Wisconsin Supreme Court's clarification of the

---

[1] Courts have ruled such "extraordinary circumstances" existed if the petitioner was diligently pursuing his rights and the delay was caused by or attributed to: (1) direct judicial actions or omissions; (2) government interference; (3) actions or omissions of the prisoner's counsel; (4) prisoner's mental incompetence; or (5) prisoner's lack of notice of filing deadlines. *See* 1 Randy Hertz and James S. Liebman, Federal Habeas Corpus Practice and Procedure 276-90 (Lexis Nexis 2005)(footnotes omitted).

"imperfect defense" in *Head*, was not decided until after the expiration of the AEDPA's statute of limitations. (Reply in Supp. of Mot. for Recons. 5.)

However, the Wisconsin Supreme Court decision in *Head* is not an "extraordinary circumstance" that would warrant equitable tolling. The Wisconsin Supreme Court refused to retroactively apply its clarification of an "imperfect defense" to Lo, *see State v. Lo*, 665 N.W.2d 756, 770-75 (Wis. 2003),[2] and "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Warren v. Kyler*, 422 F.3d 132, 136 (3rd Cir. 2005) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)). Accordingly, this Court is not persuaded that *Head* is an "extraordinary circumstance" triggering the scarcely-used concept of equitable tolling.[3]

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Lo's Motion for Reconsideration or Relief from Judgment [Docket # 21] is **DENIED.**

Dated at Milwaukee, Wisconsin, this 24th day of August, 2006.

**SO ORDERED,**

s/ Rudolph T. Randa
**HON. RUDOLPH T. RANDA
Chief Judge**

---

[2] Also, the United States Constitution does not require states to give retroactive effect to state court decisions. *See Wainwright v. Stone*, 414 U.S. 21, 23-24 (1973); *Stewart v. Lane*, 60 F.3d 296, 304 (7th Cir. 1994).

[3] Furthermore, as noted above, the Wisconsin Supreme Court in *Head* created only an abstract proposition of law that is arguably helpful to Lo. (Ct. Order 3 n.4.) Therefore, a state court decision that may (or may not) provide a remedy for Lo should not be considered an "extraordinary circumstance."